IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,                        CIV. NO. S-10-3023 LKK GGH

    vs.

DAVID MICHAEL DAY, individually
and d/b/a NICK'S NIGHTCLUB AND BAR
a/k/a OFF LIMITS,

                                         <u>ORDER AND</u>
                                         <u>FINDINGS AND RECOMMENDATIONS</u>

    Defendant.
_____/

        Presently before the court is plaintiff's application for entry of default judgment against defendant David Michael Day, d/b/a Nick's Nightclub a/k/a Off Limits, filed April 21, 2011.[1] Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order and findings and recommendations.

<u>BACKGROUND</u>

        On November 9, 2010, plaintiff filed the underlying complaint in this action against defendant David Michael Day, d/b/a Nick's Nightclub a/k/a Off Limits, alleging

---

[1] The matter was originally scheduled for hearing on May 26, 2011; however, it was vacated after the court determined that a hearing was not necessary. Order, filed May 19, 2011.

1

defendant unlawfully intercepted and exhibited a broadcast of a program entitled, "Firepower: Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program," ("Program"), in his establishment for commercial advantage without obtaining a sublicense from plaintiff for its use, in violation of the Communications Act, 47 U.S.C. § 605, the Cable Communications Policy Act, 47 U.S.C. § 553, and state law.  The complaint alleges defendant exhibited the Program on November 14, 2009.  The summons and complaint were served on defendant by personal service on February 24, 2011.  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant David Michael Day has failed to file an answer or otherwise appear in this action.  The clerk entered default against defendant on March 30, 2011.

Request for entry of default and the instant motion for default judgment and supporting papers were served by mail on defendant at his last known address.  Defendant did not file an opposition to the motion for entry of default judgment.  Plaintiff seeks an entry of default judgment in the amount of $112,200 against defendant David Michael Day.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state claims for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

The complaint requests, in the event of default, an award of damages pursuant to 47 U.S.C. § 605 *et seq.* (The Communications Act) and 47 U.S.C. § 553, *et seq.* (The Cable Communications Policy Act), as well as compensatory and punitive damages for conversion, and restitution for violation of Cal. Bus. & Prof. Code § 17200, *et seq.*  (Complaint at 3-7.)   The instant motion for default judgment requests damages pursuant to 47 U.S.C. § 605 in the amount of $10,000 in statutory damages, $100,000 in enhanced statutory damages based on the

wilfulness of the conduct, and $2,200 in compensatory damages for conversion.² Section 605 prohibits the unauthorized publication or use of communications such as the Program. Section 605(e)(3)(A) also provides for a private civil action for a violation of 605(a). National Subscription Television v. S&H TV, 644 F.2d 820, 821 n. 1 (9th Cir. 1981).

  The court deems defaulting defendant, by his failure to appear or defend this action, to have waived any objections to the statutory source of the damages prayed for in the instant motion. The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment supports the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

  One of the factors the court is free to consider in exercising its discretion to grant or deny default judgment is the sum of money at stake. See J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

  Under section 605, statutory damages may be awarded between $1,000 and $10,000 for violation of the Federal Communications Act and up to $100,000 when the violation "was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. § 605(e)(3)(C)(i)-(ii). Plaintiff has referenced one other action in the Eastern District against this defendant for the same violations. (Riley Supp. Decl., ¶¶ 4-5, Ex. 1, dkt. #17-4.) See Joe Hand Promotions, Inc. v. Ray, Civ.S. 10-0095 GEB KJN. This other filing does not prove defendant's willfulness because defendant was not served with the complaint in that action until February 23, 2010, *after* he exhibited the Program in this case. Nevertheless, the court has considered other factors, including that the Program was shown on three television sets, albeit to an audience of only 15 to 17 people, and in a relatively small city with a population of less than 100,000. There was no cover charge; however, the showing of the Program was

---

² Because plaintiff has eliminated his request for damages under § 553 and for restitution under state law, these damages will not be addressed.

1    intended to increase business.  (Slay Aff., dkt. #17-3.)  See Joe Hand Promotions, Inc. v. Cat's
2    Bar, Inc., 2009 WL 700125, *2 (C.D. Ill. 2009).

3            The undersigned has considered the plethora of cases cited by plaintiff which
4    document the enhanced award, and appreciates the briefing.  The undersigned has also
5    considered plaintiff's statement that "nominal" damages have not alleviated the piracy problem.
6    However, some of us do not live in the world where $10,000.00 is nominal, and this may well be
7    true for David Michael Day, proprietor of Nick's Night Club a/k/a Off Limits.  In rethinking the
8    amount of enhanced damages that others and the undersigned may have recommended in the past
9    for willful violations of the anti-digital piracy law, and without excusing at all the nature of the
10    violation and the refusal to defend in court, the damages awarded will be substantially less than
11    the $100,000.00 requested by plaintiff.

12            Plaintiff also suggests that the damages could be calculated by multiplying the
13    probable fee which would have been charged if defendant had acted lawfully ($2,200) by the
14    number of observed patrons (see fn. 5 of plaintiff's brief) which would determine the enhanced
15    amount of damages at $34,474.00.  Of course, if earlier paid, the $2,200 fee would have covered
16    all the patrons.  The undersigned believes the multiple fee in addition to statutory damages as too
17    much.  A total of $30,000.00 ($10,000 and $20,000) should be enough to compensate "plus"
18    plaintiff in this case.

19            This court therefore will recommend statutory damages under section 605 in the
20    amount of $10,000 and enhanced statutory damages in the amount of $20,000.  Inasmuch as the
21    award of $30,000 in statutory damages will be permitted, plaintiff's request for damages for
22    conversion should be denied.

23            Insofar as the application for default judgment seeks attorneys' fees and costs but
24    the memorandum in support does not contain argument in support of this request, and there is no
25    declaration supporting this request, it is denied without prejudice to its renewal after entry of
26    judgment.


CONCLUSION

IT IS ORDERED that the Clerk of the Court shall serve these findings and recommendations on the defaulting defendant at the address indicated on plaintiff's proof of service of the instant motion.

In view of the foregoing findings, IT IS RECOMMENDED that plaintiff's motion for entry of default judgment, (dkt. # 17), be GRANTED in part. Judgment should be rendered in the amount of $10,000 in statutory damages and $20,000 in enhanced statutory damages for a total award of $30,000.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/15/2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/J&JSports3023.def.wpd